# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kamal Pariyar, | No. CV-26-00182-PHX-DJH (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

On January 28, 2026, the Court granted Petitioner's § 2241 Petition and directed Respondents to either release Petitioner or provide Petitioner a bond hearing within seven days. (Doc. 8.) On February 20, 2026 Petitioner filed a Motion to Enforce Habeas Petition arguing that "the Immigration Judge denied bond based on flight risk" and seeks "a specific order from the Court declaring that the new Immigration Judge's bond decision is invalid, and that Petitioner be ordered released from detention and returned to the detention status he was in, prior to Respondents' unlawful actions." (Doc. 11.)

An Immigration Judge's [IJ] discretionary bond determination is typically not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Nevertheless, courts retain jurisdiction to consider claims that the legal framework governing detention fails to provide due process. *Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024).

Petitioner claims "there is evidence that Respondents have been engaged in intimidation of Immigration Judges, which has resulted in a much higher denial rate of bonds based on flight risk." (*Id.* at 4.)  Petitioner alleges he provided evidence the IJ's finding of flight risk is not based on the evidence Petitioner presented to the Court because Petitioner has (1) no criminal history, (2) a fixed address, (3) a sponsor who is vouching for him and who has the financial means to support him, (4) counsel, (5) presented his identity documents, and (6) shown no indication that he will not comply with court orders. (Doc. 11, Ex. F.) Nonetheless, based on the current record, the Court cannot conclude that the legal framework employed by the IJ was itself a violation of due process. "A district judge may not second-guess the immigration judge's weighing of the evidence." *Calmo v. Sessions*, No. C 17-07124 WHA, 2018 WL 2938628, at *4 (N.D. Cal. June 12, 2018).  Petitioner's motion must be denied.

**IT IS THEREFORE ORDERED** Petitioner's Motion to Enforce Habeas Petition (Doc. 11) is **denied**.

Dated this 1st day of May, 2026.

Honorable Diane J. Humetewa
United States District Judge